# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| VICKI DENNISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Case No.: |
| v. | ) |
| | ) 2:20-cv-00888-SMD |
| JACKSON HOSPITAL | ) JURY TRIAL DEMANDED |
| | ) |
| | ) |
| Defendant. | ) |

**RECEIVED 2020 OCT 30 A 11: 53 DEBRA P. HACKETT, CLK U.S. DISTRICT COURT MIDDLE DISTRICT ALA**

## COMPLAINT

In support of her Complaint, Plaintiff Vicki Dennison (hereinafter "Plaintiff" or "Ms. Dennison") offers the following:

## I. JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, §1334(a)(4), 28 U.S.C. §2201, 42 U.S.C. §2000(e) et seq. This suit is authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964", as amended, the "Civil Rights Act of 1991", 42 U.S.C. §1983. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 42 U.S.C. §2000(e) et seq. providing for injunctive and other relief against claims of discrimination, harassment and retaliation.

2. Plaintiff timely filed her charges of discrimination and charges of retaliation with the Equal Employment Opportunity Commission (Commission) within 180 days of the last discriminatory act. Ms. Dennison initially filed a Charge of Discrimination with the Commission on August 23, 2019. Additional information was provided to the Commission by the Undersigned Counsel by mail on January 17, 2020 and was received by the Commission on January 21, 2020. Ms. Dennison's Charge was timely. Plaintiff filed this action within ninety (90) days after receipt of her Right to Sue letter issued by the Commission. [See Right to Sue letter attached as Exhibit A.]

3. The unlawful employment practices which are alleged herein were committed in the county of Montgomery in the Middle District of Alabama. Since Defendant Jackson Hospital is located in Montgomery, Alabama, venue is also appropriate in the Middle District of Alabama, Northern Division.

## II. PARTIES

4. Plaintiff, Vicki Dennison, is a Caucasian female citizen of the United States of America, and a resident of Alabama. During all relevant times, Plaintiff was employed by Defendant Jackson Hospital.

5. Defendant Jackson Hospital (hereinafter sometimes "Jackson Hospital") is an employer within the meaning of Title VII of the Act of Congress known as the "Civil Rights Act of 1964", as amended, the "Civil Rights Act of

1991", 42 U.S.C. §2000(e) et seq and 1983. Defendant employs at least fifteen (15) persons. Defendant JACKSON HOSPITAL has its primary place of business and agent located in Montgomery County, Alabama.

## III.  FACTUAL BACKGROUND

### *Plaintiff's Educational Background*

6. Plaintiff is a high school graduate with two years of college experience.

### *Plaintiff's Vocational History*

7. Plaintiff has over twenty years in the medical industry with nearly twelve of those in billing and coding.

8. Plaintiff has an exceptional knowledge of medical terminology and is regarded in the medical field as highly proficient in electronic medical records. Plaintiff is trained and experienced in managing medical facilities, with a focus on medical billing and coding.

9. Plaintiff is a certified professional medical coder.

### *Plaintiff's Disability and Overview of Medical Conditions*

10. Plaintiff suffers from Post Traumatic Stress Disorder ("PTSD") due to childhood trauma. Plaintiff made her employer, Jackson Hospital, and immediate supervisor know of her medical condition. Ms. Dennison during her employ notified Jackson Hospital of her diagnosis of PTSD. She also informed Jackson Hospital of her concerns with working in the environment under Ms. Perkins and how it was

complicating her condition. She asked that her concerns be addressed. They were not.

11. As shown below, during her employment with Jackson Hospital, as a result of the working environment, the supervision of Christina Perkins, and discrimination, Plaintiff suffered heightened anxiety and flare-ups from the PTSD. Plaintiff voiced her concerns about how the working environment was impacting her disability and asked that Jackson Hospital address her concerns. Jackson Hospital refused to investigate the claims, and in fact subjected Plaintiff to further discrimination, refused to allow Plaintiff to work in a different department under different supervision, and in fact denounced Plaintiff's condition. The working environment never improved, Plaintiff was not relocated, her claims were not investigated all of which combined to cause Plaintiff to suffer flare ups of her PTSD, heightened anxiety and physical harm to Plaintiff.

### *Plaintiff's Employment at Jackson Hospital*

12. The Coding & Clinical Documentation Improvement Department of Jackson Hospital in Montgomery, Alabama was, up and until recently, run by Christina Perkins. Since Ms. Perkins became director, approximately ten employees reported concerns of a discriminatory and hostile work environment to Ms. Perkins' supervisor and the Human Resources Department. Moreover, at least **thirteen** individuals within the department have resigned their employment because of the

discrimination and hostile work environment. Despite this repeated reporting, Jackson Hospital refused to investigate and address these concerns. Ms. Perkins remained at the helm of the department and the working conditions did not improve. Finally, very recently, Ms. Perkins was terminated from her employment.

13. Ms. Perkins on a daily basis yelled at employees, including Plaintiff, got in employees face, including Plaintiff, threatened employees, including Plaintiff, cursed at employees, including Plaintiff, lied about and to Plaintiff and other employees, rudely interacted with employees, including Plaintiff, and vendors, abruptly reacted to situations involving employees, including Plaintiff and vendors, harassed employees, including Plaintiff, imposed restrictions and expectations on employees, including Plaintiff, that could not be met, engaged in misconduct to interfere with employees productivity, including Plaintiff, bullied employees, including Plaintiff in particular because of her disability, engaged in illegal conduct, verbally abused employees, including Plaintiff, called employees slang words, violated Jackson Hospital's own policies and procedures, and exhibited symptoms of withdrawal from illegal substances. Ms. Perkins laughed at Plaintiff's disability, slandered her in front of co-employees, retaliated against Plaintiff because of her disability, and continued her repeated harassment of Plaintiff.

14. Ms. Perkins was aware of the fact Plaintiff suffered from PTSD and related anxiety. Ms. Perkins discriminated against Plaintiff because of the disability. Ms. Perkins increased her mistreatment of Plaintiff because of the disability.

15. Plaintiff reported her concerns about the work environment and discrimination caused by Ms. Perkins to the Human Resources Department. Ms. Dennison went to Human Resources Department at least twice and on each occasion requested an investigation into the discrimination and hostile work environment. She expressed her concern that her PTSD was the basis of the discrimination and improper treatment toward her by Ms. Perkins. She also complained that she was having PTSD flare ups, alarming anxiety, and physical harm as a result of Ms. Perkins' discrimination and work environment. No investigation was conducted. Ms. Dennison suffered emotional and physical harm as a result of the hostile work environment During one of her meetings with the Human Resource Department, Medgar with Human Resources, laughed at Ms. Dennison and told her it was not always good to tell the truth – told her it "doesn't always do you good to tell the truth." Following her notice to Human Resources Department, the discrimination and hostile work environment got progressively worse.

16. Despite repeatedly telling Ms. Perkins and Human Resources about the PTSD, no one, including Ms. Perkins, took her seriously. Plaintiff saw four Jackson Hospital medical providers about it during her employment with Jackson Hospital –

still her supervisor mocked her, criticized her, ridiculed her, and in fact ridiculed Plaintiff and her disability to other employees. All of the discrimination, criticism, ridicule, yelling, harassment, and treatment of Plaintiff was constant, unwelcome, and repeated to the point that Plaintiff was unable to manage her disability and remain at Jackson Hospital.

17. Because the discrimination continued and the working environment did not improve, Ms. Dennison removed herself from the situation because the flare-ups and anxiety increased. She then contacted the EEOC and pursued her claim of discrimination.

### III. CAUSES OF ACTION

#### *Count One*
#### *Violation of Americans with Disabilities Act ("ADA")*

18. Plaintiff adopts and incorporates herein all preceding paragraphs of this Complaint as if fully set forth herein.

19. Plaintiff suffers from Post Traumatic Stress Disorder.

20. Plaintiff made her employer aware of her disability and asked that she be provided less interaction with Ms. Perkins, that she report to someone other than Ms. Perkins, that the yelling, cursing, ridiculing, and constant harassment by Ms. Perkins be addressed and eliminated, that the manner of communications be altered to reduce the stress, anxiety, and PTSD flare ups.

21. Jackson Hospital refused to accommodate Plaintiff's disability

resulting in an exacerbation of her disability, increased anxiety and physical damages.

## *Count Two*
## *Hostile Work Environment*

22. Plaintiff adopts all preceding paragraphs of this Complaint as if fully set forth herein.

23. Ms. Dennison has been discriminated against on the basis of her disability in regard to her work environment, training, promotion, job assignments, job pay, and terms and conditions of employment in violation of Americans with Disabilities Act and Title VII, 42 U.S.C. 2000e, et seq.

24. Ms. Dennison has been discriminated and harassed because of her disability.

25. Such unlawful employment practices proximately caused Ms. Dennison to suffer severe emotional distress, mental anguish, embarrassment, humiliation, shame, anxiety, flare ups of her PTSD, and physical harm for which she claims damages.

26. Ms. Dennison seeks declaratory and injunctive relief, award of compensatory and punitive damages, mental anguish, costs, attorneys fees and any and all such other relief the trier of fact may assess.

### *Count Three*
### *Retaliation in Violation of Title VII of the Civil Rights Act of 1964, §704(a), as amended in 42 U.S.C.A. §2000(e) et seq. and American's with Disabilities Act*

27. Ms. Dennison adopts all preceding paragraphs of this Complaint as if fully set forth herein.

28. Ms. Dennison has been discriminated against on the basis of her disability as described above. Ms. Dennison has also been subjected to retaliation after reporting her complaints that she was being discriminated against and harassed because of her disability. After complaining about the discrimination and work environment Jackson Hospital retaliated against Plaintiff by increasing the harassment, imposing impossible employment conditions, refusing to accommodate Plaintiff, refusing to promote Plaintiff, denying Plaintiff available improvements, denying Plaintiff employment benefits, preparing false reviews of her work, and placing Plaintiff in position to further compromise her mental health or resign all in retaliation.

29. Such unlawful employment practices proximately caused Ms. Dennison to suffer severe emotional distress, mental anguish, anxiety, embarrassment, humiliation, shame, trauma, PTSD flare ups and physical damages.

30. Ms. Dennison seeks declaratory and injunctive relief, award of compensatory and punitive damages, mental anguish, costs, attorneys fees and any

and all such other relief the trier of fact may assess.

**WHEREFORE, THE ABOVE PREMISES CONSIDERED**, Plaintiff respectfully prays that this Court grant the following relief:

(a) injunction restraining Defendant Jackson Hospital, their agents, successors, employees, attorneys, and those acting in concert with the Defendant Jackson Hospital and at the Defendant Jackson Hospital's request from continuing to violate American's with Disabilities Act and Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, 42 U.S.C. §2000(e) et seq. and §1983;

(b) award Plaintiff compensatory damages, punitive damages, injunctive relief, attorneys' fees, costs, benefits and any other relief Plaintiff may be entitled.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

Respectfully submitted this the 30th day of October 2020.

_____
Jamie A. Johnston (JOH164)
Attorney for Plaintiff

OF COUNSEL:
JAMIE A. JOHNSTON, PC
PO Box 4663
Montgomery, Alabama 36103
334-202-9228        Telephone

334-265-8789     Telecopier
Jamie@jjohnstonpc.com

**JURY TRIAL DEMANDED ON ALL TRIABLE ISSUES.**

_____
OF COUNSEL